**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| SHANELLE A. NEWBERRY,<br>Plaintiff,<br>vs.<br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br>Defendant. | Case No.: |

## COMPLAINT

COMES NOW the Plaintiff, SHANELLE A. NEWBERRY, by and through the undersigned attorney, and files this Complaint stating a cause of action against Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA, and alleges as follows:

1. This is an action for recovery of benefits under an employee welfare benefit plan brought pursuant to 29 U.S.C. §1132(a)(1)(b)(ERISA).

2. Plaintiff, SHANELLE A. NEWBERRY, is an adult resident citizen of Santa Rosa County, Florida.

3. Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA (hereinafter "LINA"), is a foreign corporation authorized to engage and engaging in business within the State of Florida.

4. This Court maintains subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.

5. Plaintiff and/or her employer, Navy Federal Credit Union, purchased through her employer a contract of salary continuance insurance including short term disability (STD) benefits (hereinafter "the STD Plan") and long term disability (LTD) benefits (hereinafter "the LTD Plan"), effective on or about January 1, 2016.

6. At all times material to this Complaint, the STD Plan and LTD Plan were in full force and effect and Plaintiff was a Plan participant in each.

7. Defendant, LINA, is in possession of all master STD Plan and LTD Plan documents.

8. Defendant is a third party plan administrator or claims fiduciary given discretion to interpret STD Plan and LTD Plan provisions and is an STD Plan and LTD Plan fiduciary, or alternatively, is an STD Plan and LTD Plan fiduciary without discretion to interpret STD Plan and LTD Plan provisions.

9. On or about April 29, 2016, Plaintiff became totally disabled from her past employment as defined by the STD Plan and LTD Plan, due to hyperemesis during pregnancy, rheumatoid arthritis, psoriasis, a fractured pelvis, and other exertional and non-exertional impairments.

## COUNT I

## BREACH OF CONTRACT FOR SHORT TERM DISABILITY BENEFITS

10. Plaintiff re-alleges and reavers each and every allegation contained in Paragraphs 1 through 9, *supra*, as if delineated here.

11. Plaintiff made an application for Short Term Disability benefits under the STD Plan on or about May 19, 2016.

12. Plaintiff's application for Short Term Disability benefits was approved by Defendant or its agents to begin on or about May 13, 2016.

13. Plaintiff's Short Term Disability benefits were terminated on or about August 25, 2016, with no payments paid after July 22, 2016.

14. Plaintiff appealed said termination of Short Term Disability benefits on or about August 22, 2016.

15. On or about August 31, 2016, Defendant acknowledged receipt of Plaintiff's appeal.

16. On or about September 16, 2016, Defendant notified Plaintiff as to the status of her appeal for Short Term Disability benefits.

17. On or about September 28, 2016, Defendant upheld its previous denial.

18. Plaintiff continues to remain totally disabled from employment, as defined by the STD Plan, due to hyperemesis during pregnancy, rheumatoid arthritis, psoriasis, a fractured pelvis, and other exertional and non-exertional impairments.

19. Plaintiff has exhausted all mandatory administrative remedies afforded by the STD Plan and has otherwise complied with all conditions precedent to this action.

20. Each of the Defendant's denials of Plaintiff's claims for Short Term Disability benefits was arbitrary and capricious, constituted abuse of Defendant's discretion under the STD Plan, and derogated Plaintiff's right to disability benefits under the terms of the STD Plan.

**COUNT II**

**BREACH OF CONTRACT FOR LONG TERM DISABILITY BENEFITS**

21. Plaintiff re-alleges and reavers each and every allegation contained in Paragraphs 1 through 9, *supra*, as if delineated here.

22. Plaintiff made a timely application for Long Term Disability benefits under the LTD Plan on or about July 28, 2016.

23. Plaintiff's application for Long Term Disability benefits was denied by Defendant or its agents on or about August 18, 2016.

24. Plaintiff appealed said denial of Long Term Disability benefits on or about August 18, 2016.

25. On or about August 22, 2016, Defendant acknowledged receipt of Plaintiff's appeal.

26. On or about September 28, 2016, Defendant upheld its previous denial.

27. Plaintiff appealed said denial of Long Term Disability benefits on or about September 30, 2016.

28. On or about November 1, 2016, Defendant acknowledged receipt of Plaintiff's appeal.

29. On or about December 20, 2016, Defendant upheld its previous denial.

30. Plaintiff continues to remain totally disabled from employment, as defined by the LTD Plan, due to hyperemesis during pregnancy, rheumatoid arthritis, psoriasis, a fractured pelvis, and other exertional and non-exertional impairments.

31. Each of the Defendant's denials of Plaintiff's claims for Long Term Disability benefits was arbitrary and capricious, constituted abuse of Defendant's discretion under the LTD Plan, and derogated Plaintiff's right to disability benefits under the terms of the LTD Plan.

WHEREFORE, Plaintiff prays for a judgment against the Defendant for all Plan benefits owing at the time of said judgment, pre-judgment interest, attorney's fees, costs of this action, and all other relief deemed just and proper by the Court.

Dated: April 4, 2017

*/s/ Nick A. Ortiz*

Nick A. Ortiz
Florida Bar No. 12699
Ortiz Law Firm
823 E. Jackson St.
Pensacola, FL 32501
(850) 308-7833(P)
(850) 208-3613 (F)
nick@nickortizlaw.com
Counsel for Plaintiff